UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM KENWORTHY, Executor of the Estate of Donald Kenworthy,<br><br>      Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC TITLE & ESCROW, et al.,<br><br>      Defendants. | No. 2:17-cv-00856-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS** |

This matter is before the Court on Plaintiff Tim Kenworthy's Motion to Dismiss. Mot., ECF No. 78. Defendant Nationstar Mortgage filed a Statement of Non-Opposition, ECF No. 81, and Defendants Violet Blakeney and Elisabeth Sittner have not filed oppositions to Plaintiff's motion. After consideration of the parties' briefing on the motion and relevant legal authority, the Court will grant Plaintiff's Motion to Dismiss and dismiss Defendant Sittner's state law counterclaim without prejudice, closing this case.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 7, 2017.

1

## I. BACKGROUND

On April 24, 2017, Plaintiff, proceeding pro se, filed suit alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq., and nine other state and common law claims. Compl., ECF No. 1. Plaintiff alleged that twelve named defendants and other unnamed defendants engaged in financial elder abuse, pressuring his deceased father into purchasing a home in Maui, Hawaii. Id. at ¶¶ 19-63.

Defendants Old Republic Title & Escrow, Deni Kawauchi, Homestreet Bank, Academy Mortgage, Kara Beltran, American Green Realty, Coldwell Banker Island Properties, and Melanie Vitale moved to dismiss. Mots. Dismiss, ECF Nos. 18, 23, 29, 30, 40. Defendant Faith Armanini filed a joinder to the motions. Joinder, ECF No. 54. Defendant Sittner filed a counterclaim against Plaintiff for $28,000, which she alleges is owed for renovations performed at the Maui home. Answer, ECF No. 22, pp. 5-7.

After Plaintiff retained counsel, pursuant to the magistrate judge's order, the case was reassigned to this Court. Mins., ECF No. 63; Min. Order, ECF No. 71. Plaintiff then voluntarily dismissed Defendants Old Republic Title & Escrow, Deni Kawauchi, Homestreet Bank, Academy Mortgage, Kara Beltran, American Green Realty, Coldwell Banker Island Properties, Melanie Vitale, and Faith Armanini without prejudice. Vol. Dismiss, ECF No. 77. Plaintiff now moves to dismiss the remaining defendants without prejudice and dismiss Defendant's Sittner's counterclaim. Mot., pp. 4-6.

///

II. OPINION

A. Legal Standard

1. Voluntary Dismissal After An Answer

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal. Fed. R. Civ. P. 41(a)(1-2). Whether to grant a Rule 41(a)(2) motion lies within the district court's discretion. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). A Rule 41(a)(2) motion should be granted unless a defendant can show it will suffer "some plain legal prejudice" as a result of dismissal. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

2. Exercise of Supplemental Jurisdiction

Under 28 U.S.C. § 1367, a federal court may retain supplemental jurisdiction over claims over which no original jurisdiction exists. Section 1367(a) grants supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This section applies to state law claims brought by a plaintiff and counterclaims brought by a defendant. Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005).

Section 1367(c) lists reasons that a district court may

decline to exercise supplemental jurisdiction, including:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

    B.   Analysis

        1. Plaintiff's Claims

In this case, Plaintiff moves to dismiss his claims against the three remaining defendants without prejudice. Mot. at 6. Defendant Nationstar Mortgage has submitted that it does not oppose Plaintiff's motion and Defendants Blakeley and Sittner have not filed oppositions to the motion. The Court thus finds that Defendants have not shown that they will suffer any prejudice as a result of dismissal, and grants Plaintiff's motion to dismiss.

        2. Defendant Sittner's Counterclaim

After dismissing Plaintiff's claims, only Defendant

4

Sittner's counterclaim remains.  Here, considering the factors enumerated in 28 U.S.C. § 1367(c), as well as the values of "economy, convenience, fairness, and comity," the Court declines jurisdiction over Sittner's state law counterclaim.  See Acri, 114 F.3d at 1001.  The Court has dismissed all claims over which it had original jurisdiction, so Sittner's claim is more appropriately addressed in state court.  28 U.S.C. § 1367(c)(3).

### III.  ORDER

For the reasons set forth above, the Court GRANTS the Plaintiff's Motion to Dismiss without prejudice.  The Court further declines to exercise supplemental jurisdiction over Defendant Sittner's counterclaim, and DISMISSES the counterclaim without prejudice.  Because the Court has dismissed all claims within this case, the Court directs the Clerk of Court to close the case.

IT IS SO ORDERED.

Dated: October 31, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE